IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TAMERA E. INGRAM for <br> LA'BAYLEI KATHRYN COWAN, <br><br> Plaintiff, <br><br> VS. <br><br><br> COMMISSIONER OF <br> SOCIAL SECURITY ADMINISTRATION <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:21-cv-2031-MSN-cgc |

## REPORT AND RECOMENDATION

This matter is before the Court, by way of Administrative Order 2013-05[1]. On January 14, 2021, Plaintiff Tamera Ingram filed a pro se Complaint against Defendant Commissioner of the Social Security Administration and a Motion for Leave to Proceed *In Forma Pauperis*. (Docket Entry ("D.E.") #1 and 2) Plaintiff's motion was granted on February 10, 2023 and an order was entered directing the issuance and service of process on her behalf. (D.E. # 5) A scheduling order was entered on March 30, 2023 which directed Plaintiff to file and serve on the Commissioner a brief within 30 days after the answer is filed. (D.E. # 9) The answer and

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

certified administrative record was filed by the Commissioner on May 18, 2023. To date, Plaintiff has not filed her brief.

On July 11, 2024, an order to show cause (D.E. # 14) was entered directing Plaintiff to show cause prior to the close of business on July 25, 2024 as to why the undersigned should not recommend that her case be dismissed for lack of prosecution. To date, no response to the Order to Show Cause has been filed. Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 14, PageID 470)

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case.

There has been no meaningful activity by Plaintiff since she filed her complaint on January 14, 2021. Defendant has been prejudiced in that it has taken steps to further the case despite plaintiff's inaction. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiff has ignored the Court's order[2] and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint against Commissioner of the Social Security Administration be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power

.

Signed this 27th day of September, 2024.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] The Order to Show Cause was sent to Plaintiff by electronic service to the email address shown in her Agreement to Receive Notice of Electronic Filing (D.E. # 1-2). and by U.S. Mail return receipt requested. The mailed copy was returned as undeliverable (D.E. # 15) however it is Plaintiff's responsibility to inform the Clerk of Court of any change of address.