IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TAMERA E. INGRAM for
LA'BAYLEI KATHRYN COWAN,

    Plaintiff,

v.                                                                    Case No. 2:21-cv-02031-MSN-cgc

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 16 "Report"), entered on September 27, 2024. The Report recommends that Plaintiff Tamera E. Ingram's Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket. The recommendation is based on Plaintiff's failure to prosecute the case, failure to comply with the Scheduling Order (ECF No. 9), and failure to respond to the Order to Show Cause (ECF No. 14)[1]. The Plaintiff had fourteen (14) days to submit objections to the Report. (*Id*. at PageID 477.) To date, Plaintiff has not submitted any objections.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,

---

[1] The Order to Show Cause was sent by certified mail but was returned as undeliverable. (ECF No. 15.)

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

The Magistrate Judge issued her Report on September 27, 2024. (ECF No. 16.) The Plaintiff had until October 11, 2024, to submit any objections to the Report's findings. To date, no objections have been filed. The Court has reviewed the Report for clear error and finds none.

Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket.

**IT IS SO ORDERED**, this 17th day of October, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE